963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny QUINONES-RUIZ, Defendant-Appellant.
 No. 91-50523.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1992.*
Decided May 18, 1992.
 
 Before CANBY, REINHARDT and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Johnny Quinones-Ruiz appeals his conviction and sentence for possessing contraband in prison, in violation of 18 U.S.C. § 1791(a). We reverse and remand for a new trial.
 
 
 3
 The grand jury indicted Quinones-Ruiz for possession of a "prohibited object, to wit, a shank, that was designed and intended to be used as a weapon; in violation of Title 18, United States Code, Section 1791(a)(2) and (d)(1)(B)." Section 1791(a)(2) forbids possession by prisoners of any "prohibited object." Prohibited objects are defined in the statute. Section 1791(d)(1)(B) defines as a "prohibited object" "a weapon (other than a firearm or destructive device), or an object that is designed or intended to be used as a weapon or to facilitate escape from prison." Other sub-paragraphs list other forms of "prohibited objects".
 
 
 4
 The district court found that the shank was not a weapon under subsection (d)(1)(B). It upheld Quinones-Ruiz's conviction on the theory the shank was nevertheless a prohibited object but offered no further explanation.[1]
 
 
 5
 Section 1791 prohibits possession of a number of objects in addition to weapons. For example, as noted, subsection (d)(1)(B) includes objects designed or intended "to facilitate escape from prison", and subsection (d)(1)(F) specifies any "object that threatens the order, discipline, or security of a prison, or the life, health, or safety of an individual." Quinones-Ruiz's shank might arguably be covered under one of these statutory provisions.
 
 
 6
 However, the jury was not instructed regarding these portions of the statute but instead was misadvised concerning the provisions of section 1791(a)(2). The jury was told that "[s]ection 1791 of Title 18, United States Code, provides in part as follows: 'Whoever--In violation of a statute or rule or order ... being an inmate of a prison, ... possesses, or obtains a prohibited object....' shall be punished as provided by law." (emphasis added.) It was then told that there were four elements to the offense charged in the indictment, the first two being that the defendant was an inmate and that he was incarcerated at a Federal facility. The third and fourth elements, however, were described as follows: "Third: that there exist rules about prohibited objects for the prison where defendant was an inmate; Fourth: and defendant was knowingly in possession of a prohibited object in violation of those rules." (emphasis added.)
 
 
 7
 The court's instruction reflects confusion regarding subsections (a)(1) and (a)(2). The former, which applies to visitors, contains a provision relating to the violation of rules. The latter, which pertains to prisoners, makes no mention of rules, only "prohibited objects". By not instructing the jury regarding the parts of the statute which might have supported a conviction--the statutory definitions of prohibited objects--and instead instructing it incorrectly regarding the necessity of finding a violation of prison rules, the court (1) failed to set forth the elements necessary to support a conviction and (2) told the jurors that they could convict the defendant of a non-existent offense.
 
 
 8
 In view of the compound errors in the instructions made by the district judge, and the fundamental nature of those errors, we cannot conclude beyond a reasonable doubt that the jury found the requisite elements of the crime satisfied beyond a reasonable doubt. Accordingly, the defendant's conviction must be reversed, and the case remanded for a new trial.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a)
 
 
 **
 Judith N. Keep, Chief District Judge, presided over sentencing
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 There is a serious due process question whether an individual can be charged and tried on the theory that he possesses a weapon and convicted on the theory that he possesses an object that is something else. See Coleman v. McCormick, 874 F.2d 1280, 1287-88 (9th Cir.1989) (en banc). Quinones-Ruiz admitted that he possessed the shank. The theory of his defense was that it was not a weapon. However, we need not resolve the due process question in light of the conclusion we reach below